UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHANNA CASTILLO,

                Plaintiff,

-against-

JAN WEISSBERG, *General Manager*;
ARAMARK FOOD SERVICE
CORPORATION,

                Defendants.

19-CV-7959 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, alleging that her employer discriminated against her on the basis of her age. By order dated September 26, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Johanna Castillo uses the Court's "Employment Discrimination Complaint" to bring her claims and checks off the boxes indicating that she is bringing the action under the ADEA, and that her employer, Aramark Food Service Corporation ("Aramark"), terminated her employment because of her age. She sues Aramark and Jan Weissberg, Aramark's General Manager.

The following facts are taken from the complaint, which is not a model of clarity: On February 16, 2018, Defendant Jan Weissberg called Plaintiff into his office and told her that Kim Mapp, who appears to be Plaintiff's co-worker, said that Plaintiff asked Ms. Mapp to take a bag of food for Plaintiff. Plaintiff denies asking Ms. Mapp to take food for her. Three days later,

2

Weissberg suspended Plaintiff for three days without pay. Plaintiff later heard from Shawn[1] that Plaintiff had to be suspended "so that Kim didn't lose her job." (ECF No. 2, at 7.)

On May 10, 2018, Plaintiff was walking with Shawn, who Plaintiff states was drunk. Plaintiff later received a call from Marcos Chaves[2] informing her that Weissberg told him to tell Plaintiff "not to come back to work." (*Id*.) Chaves did not give Plaintiff an explanation. On May 15, 2018, Weissberg informed Plaintiff that her register was $140.00 short. Plaintiff denies that her register was missing money.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and, on May 28, 2019 the EEOC issued a notice of right to sue, which Plaintiff attaches to the complaint. (*See* ECF No. 2, at 11.) She asks the Court to issue an order directing Defendant Aramark to re-employ her.

**DISCUSSION**

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The ADEA protects workers who are at least 40 years old from discrimination on the basis of age. *Feldman v. Nassau Cnty.*, 434 F.3d 177, 180 (2d Cir. 2006); 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age.").

A plaintiff asserting a claim for age discrimination in violation of the ADEA must allege that age was the "but for" cause of the employer's adverse actions. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) (holding that in contrast to Title VII, the ADEA does not provide

---

[1] Shawn appears to be another Aramark employee, but Plaintiff does not provide any information about Shawn's role at Aramark.

[2] Plaintiff provides no additional information about Chaves' role or position at Aramark.

that a plaintiff may establish discrimination by showing that age was simply a motivating factor); *Barone v. S & N Auerbach Mgmt., Inc.*, 645 F. App'x 13, 14 (2d Cir. 2016) ("Under the ADEA, a plaintiff must allege that age was the 'but for' cause – not merely a motivating factor – of the adverse employment action.").

Plaintiff fails to allege facts suggesting that Aramark terminated her employment because of her age. The complaint therefore fails to state a claim on which relief can be granted. While the Court is inclined to dismiss the claim, because it is not clear that amendment would be futile, the Court grants Plaintiff 60 days' leave to amend her complaint to plead facts suggesting that Aramark terminated her employment because of her age.

## LEAVE TO AMEND

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

4

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-7959 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  October 16, 2019
        New York, New York

                                                    _____
                                                         COLLEEN McMAHON
                                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial: ☐ Yes ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

    _____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
              ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
              ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

    _____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
              ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

    _____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

B.     List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant     Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

C.     The address at which I sought employment or was employed by the defendant(s) is:

              Employer _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.     The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

       _____     Failure to hire me.

       _____     Termination of my employment.

       _____     Failure to promote me.

       _____     Failure to accommodate my disability.

       _____     Unequal terms and conditions of my employment.

       _____     Retaliation.

      _____      Other acts *(specify)*: _____.

> *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                          *Date(s)*

C.    I believe that defendant(s) *(check one)*:

      _____      is still committing these acts against me.

      _____      is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

      ☐   race _____      ☐   color _____

      ☐   gender/sex _____      ☐   religion_____

      ☐   national origin _____

      ☐   age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

      ☐   disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

> *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

### III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

       _____    has not issued a Notice of Right to Sue letter.

       _____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

## IV.    Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_.

                            Signature of Plaintiff   _____

                            Address   _____

                                              _____

                                              _____

                                              _____

                            Telephone Number   _____

                            Fax Number *(if you have one)*   _____